LEIGH M. CLARK, Retired Circuit Judge.
With his consent, appellant was tried by the court without a jury on an indictment charging him in pertinent part as follows:
“Tyrone P. Gray, alias, Tyrone Gray, an agent of an association of persons, to-wit, the United Memorial National Bank, In Organization, did embezzle or fraudulently convert to his own use, money to about the amount of $65,000, which came into his possession by virtue of his agency.”
The court found him guilty, fixed his punishment at imprisonment for five years, but granted probation on terms that will hereinafter be stated.
Before the hearing commenced and any testimony was taken, defendant filed a plea of autrefois convict and a Motion to Dismiss based on Code of Alabama 1975, § 15-3-8, as follows:
“Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision.”
The former conviction and the other punishment imposed that constitute the basis of the plea and the Motion to Dismiss were in a prosecution against this appellant in Gray v. State, Ala.Cr.App., 364 So.2d 694 (Nov. 21, 1978).
According to the plea of autrefois convict in this case, the indictment in the other case, on which it appears that defendant was convicted on February 14, 1978, was in pertinent part as follows:
“. . . did, wilfully and unlawfully, in connection with the offer, sale or purchase of *1164 a security, to-wit: capital stock issued by the United Memorial National Bank (hereinafter referred to as “said stock”), In Organization, directly or indirectly, (1) employ a device, scheme or artifice to defraud or (2) engage in an act, practice, or course of business which operated or would have operated as a fraud or deceit upon a person, as follows, to-wit: that said Tyrone P. Gray wilfully and unlawfully converted to his own personal use monies paid for the purchase of said stock by securities purchasers, to-wit: James V. Harris, Abe Boykins, Jr., Jason B. Overby, Arnold W. Kidd, Walter Berry, Ruth Barber, Ben Davis, and Joyce M. Blackburn, to-wit: $9750.”
It appears that the indictments in both cases were returned on the same day, October 17, 1977.
Trial of the instant case was commenced on April 5, 1978, approximately six weeks after appellant’s conviction in the other case.
The trial judge in the other case did not act as a trial judge in the instant case. The judge who sentenced defendant in the instant case was not the judge who tried the case and convicted defendant.
As shown by the opinion in Gray v. State, supra, the indictment in that case was for securities fraud under Code of Alabama 1975, § 8-6-17, which provides:
“It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly, to:
“(1) employ any device, scheme or artifice to defraud;

“(3) engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.”
§ 8-6-18 prescribes the punishment upon conviction as “a fine of not more than $5,000.00 or imprisonment for not more than three years, or both.”
Almost immediately after commencement of the trial of the case now before us, the following occurred:
“THE COURT: All right, let the Record further show that the Court has overruled and denied the Motion to Dismiss the prosecution filed by the Defendant. The Court at this time is withholding ruling on the plea of autrefois convide

At the conclusion of the trial, which appears to have been within a few days of the commencement thereof on April 5,1978, the transcript shows the following:
“THE COURT: Have you all discussed what Mr. Collier had taken up with the Court that he required a transcript in the prior proceeding and wanted this Court to study that prior transcript against the evidence in this case before I rule.
“MS. DURANT: We discussed it yesterday.
“THE COURT: Does the State have any objection to that?
“MS. DURANT: No; not at all. It is my understanding that before you can render a ruling on his motion, you would first have to take a look at the Record.
“MR. COLLIER: Either that or call the Court Reporter to testify, one of the two.
“THE COURT: Well, I think we need to-The Defendant and the State want a conclusion in this matter as quickly as possible. So, if you will work with Judge Emmet’s Court Reporter . . .
“MR. COLLIER: He told me he would have it in less than a month. He said three to four weeks at the most.
“THE COURT: When the Court gets that, the Court will weigh that against the Court’s understanding-I may want to get you all to come back and as I go through that and have a conference with both of you at the same time. I would like to do that in short of having this Court Reporter to transcribe this proceeding. Try to avoid that. But the first order of business is get Mr. Wimberly’s transcript.
“MR. COLLIER: Now, I anticipate, if the Court overrules my plea of autre fois convict, filing, of course, a motion for a directed verdict and to exclude, and I think I have to wait until the Court’s *1165 ruling, technically to do that. But I just wanted to-if the Court and everyone would agree that we are not waiving anything to do so, that we might be able to go ahead and file that. Say file that in writing along with the facts and law briefs.
“THE COURT: That would be agreeable with me, with the understanding you are not waiving autre fois convict by filing and briefing your case on the merits. I do not see that the State would have any objection.
“MS. DURANT: Are you speaking of the appeal in 92?
“MR. COLLIER: No. In this case, I anticipate filing motions to exclude and for a directed verdict.
“THE COURT: He wants to start doing that when he is waiting for the Record in the other case.
“MR. COLLIER: That is the only thing. But I have to do it in such a way that I do not waive anything. And the only other matter I know, in doing a little further looking into the law yesterday after we got through, I realized the Court overruled my motion under 15284, or seven [The reference is doubtless to Tit. 15, Sec. 287, Code of Alabama Recompiled 1958, now § 15-3-8 Code of Alabama 1975], prior to trial. And I would like at this time to request that the Court reconsider that ruling and take that motion under advisement in connection with the autre fois convict plea.
“THE COURT: All right. I will do that. Thank y’all.”
Thereupon the transcript of the proceedings recites:
“THIS CONCLUDES ALL THE TESTIMONY AND PROCEEDINGS HAD IN THIS CAUSE.”
This is immediately followed by the certificate of the court reporter and then by the clerk’s record, the record proper.
The record proper discloses that on January 3, 1979, about six weeks after the opinion of this Court affirming the judgment of conviction and sentence in the other case (Gray v. State, supra), the trial court, with the judge who tried the instant case presiding, entered a judgment, which recites:
. [A]nd the defendant having filed a Motion to Dismiss Indictment, a Motion to Quash Indictment, a Motion For Preliminary Hearing, and a Plea of Autrefois Convict, and the said motions and pleas having been considered by the court, the court was of the opinion that the said Motion to Quash Indictment should be and the same was overruled, and the said Motion for Preliminary Hearing should be and the same was overruled, and the defendant being now in open court announces himself ready for trial. And after hearing the evidence the court is of the opinion that the defendant is guilty as charged in the indictment, and the court finds the defendant guilty and the case is continued to January 19, 1979, for sentencing before (a judge other than the judge who tried the case and convicted defendant).
The next item in the record proper is the “JUDGMENT AND SENTENCE AND NOTICE OF APPEAL,” on January 22, 1979, with the judge to whom the case was assigned for sentencing presiding. The court pronounced and imposed a sentence “for a term of five years.” The judgment of sentence concludes:
“And the defendant applies for the benefit of probation and requests that he be given a suspended sentence and upon consideration of such request the court is of the opinion that the same should be granted. It is therefore considered and ordered by the court that the sentence of the law imposed upon the defendant in this cause be and the same is hereby suspended and the defendant was placed on probation for five years conditioned on future good behavior and further conditioned on the following: defendant will spend one year in the penitentiary; upon release from the penitentiary, defendant will obtain a full-time job; defendant will make restitution in an amount to be determined.
“And questions of law arising in this case for the decision of the court of criminal *1166 appeals, the defendant gives notice of appeal and requests a working appeal (emphasis supplied).”
The record proper further shows an order, based on defendant’s indigency, authorizing preparation and filing of transcript and appointing counsel on appeal, that “the defendant-appellant is incarcerated in Kil-by pending this appeal.”
The only issues between the parties on appeal are (1) as to the asserted action of the trial court in “overruling the appellant’s Plea of Autrefois Convict” and (2) in “overruling the Defendants’ Motion to Dismiss based upon a violation of Code of Alabama 1975, § 15-3-8.”
Although the parties on appeal assume, and in fact appellant concedes, that the trial court overruled defendant’s plea of autrefois convict, we fail to find any record thereof. Furthermore, we do not find any record of a ruling of the court on defendant’s request that the court reconsider its previous ruling on the motion grounded on Code of Alabama 1975, § 15-3-8. That we would be justified in proceeding in accordance with ari assumption that the trial court would not have rendered a judgment of conviction without having theretofore ruled adversely to defendant as to the particular items may at first view seem correct, but under all the surrounding circumstances of the instant case, such a procedure seems seriously questionable in the performance of the function of this Court to review the action of the trial court with correctness and fairness and justice to all concerned. If the trial court did, as the transcript of the evidence indicates that it would do and the parties agreed that it should do in order to arrive at a correct ruling, this Court should know that such was done and have either the benefit of the trial court’s view as to the relationship between the evidence in the other case and the evidence in the instant case or a summary at least of counsel as to the evidence in the other case, material and pertinent to the question of autrefois convict on the file in this case. True, it would seem that, as the transcript in the other case is available to this Court, it would be appropriate for this Court to search that transcript in connection with the determination of the issues presented by the parties on appeal, but neither party suggests that we do so.
It also seems that both parties on appeal proceed on the theory that the issues presented are so clearly resolvable in favor of their respective contentions that we do not need to consider the transcript of the evidence and proceedings in the other case, which incidentally is not in line with the views of the parties on the trial, wherein they agreed that the court could and should review and consider the transcript of such evidence and proceedings before rendering a decision herein. Our tentative view is that the issues on appeal are not as readily resolvable as either of the parties now indicates; that both were right, as was the trial court, in their consensus that the question of former jeopardy and related matters were serious and required an insight into the transcript of the proceedings and evidence in the other case.
Our concern is increased by reason of the actual sentence imposed and the conditions thereof. According to the record before us, defendant in the instant case was placed on probation, but he was required to serve one year of his sentence. In taking an appeal, he requested a “working appeal.” The record further shows that at the time of his appeal he was serving time in the penitentiary. Whether this was time on the other case or in the instant case, we are not told. According to the opinion in Gray v. State, supra, appellant was placed on probation for ten years, and, as required in the instant case, he was to “serve one year in the penitentiary” and make restitution for his conversion. When he commenced serving his sentence in the other case is not clear. The possibility that a substantial part of it had been served at the time of the sentence in this case and that by now he may have completed most of his combined sentences is not to be ignored. All of this suggests questions: (1) whether such results were contemplated by the trial court in fixing the punishment and the conditions thereof, *1167 (2) whether, in fixing the punishment and the conditions thereof, the trial court was acting with significant regard for the sentence in the other case, and (3) the possibility that the substance of the present controversy between the parties on appeal has largely become moot.
The record needs clarification both as to the judgment of conviction and as to the sentence. The cause should be remanded to the trial court for that purpose, with directions that the record, or an authenticated transcript of the proceedings, show with certainty what action, if any, was taken by the trial court as to the plea of autrefois convict and the mentioned “motion to dismiss,” and the intent of the trial court, if any, as to any relationship between the sentence and conditions thereof in this case and the sentence and conditions thereof in the other case. In proceeding to follow such directions, the trial court shall conduct such hearings, with notice to the parties, as it deems appropriate. If it deems that a resentencing is required in order to clarify the intent at the time of the sentence in the light of what it now considers as due regard for the results in the other case, it has jurisdiction and authority to resentence appellant by such permissible amelioration thereof as the trial court deems appropriate. It shall make a return to the remand in due course upon compliance with the directions hereof. Either party desiring to submit a brief, in the light of the return to the remand, may file a brief within fifteen days from the return, and each party may file a reply brief to the opposite party’s original brief, after remand, within ten days thereafter.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of this Court. The cause is remanded to the trial court with directions as stated in this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.