*1168 AFTER RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
The Return to Remand filed in this Court on August 27, 1980, consists of the following order of the trial court:
“This case, having been appealed to the Alabama Court of Criminal Appeals and, as the result of said appeal, the Honorable Judges of said Court suspended the Judgment of conviction against the Defendant, Tyrone P. Gray, and remanded the case with directions to the Trial Court; and those directions from the Court of Criminal Appeals requested the Trial Court to clarify the record both as to the judgment of conviction, regarding a ruling on Defendant’s plea of autrefois convict, and as to the sentence imposed; the Trial Court having set this cause for a Hearing on August 25, 1980, with attorneys from the Defendant and the State of Alabama present; and as a result of said hearing upon reconsideration, the Court is of the opinion and it is hereby ORDERED ADJUDGED AND DECREED that:
“(a) the plea of autrefois convict in this case be and is hereby denied;
“(b) the penitentiary sentence imposed in this case is to run cóncurrent with the penitentiary sentence imposed in case
# CC-77-950, further the five (5) year penitentiary sentence which was suspended for a five (5) year probationary sentence in this case, is to run concurrently with the ten (10) year probationary sentence previously imposed on the Defendant in case number CC-77-950 and the one (1) year sentence to be served in the penitentiary as a condition of probation in this case should run concurrently with the one (1) year penitentiary sentence imposed on the Defendant in case number # CC-77-950.
DONE this 26th day of August, 1980.
(Sgd.) Joseph D. Phelps
Joseph D. Phelps,
Circuit Judge.”
As shown by the opinion of this Court, 389 So.2d 1163, in remanding the case to the Circuit Court of Montgomery County, it was provided that “Either party desiring to submit a brief, in the light of the return to the remand, may file a brief within fifteen days from the return, and each party may file a reply brief to the opposite party’s original brief, after remand, within ten days thereafter.” Neither party has thus far filed a brief, and on September 12,1980, the case on appeal was “Resubmitted After Return to Remand.”
Attention was also called in the opinion on original submission to the “possibility that the substance of the present controversy between the parties on appeal has largely become moot,” the implication of which was that there was a possibility that by complying with the directions contained in the remandment, it would be shown that the present controversy between the parties on appeal had largely become moot. The order of the trial court set forth in the Return to Remand states that all sentences in the instant case, whether suspended and *1169 probationary or not, were to run concurrently with correspondingly equal or more lengthy sentences in case No. CC-77-950, the one that is pleaded herein as autrefois convict, and thereby shows that the controversy between the parties on this appeal has largely become moot. As the appellant has filed no brief in the light of the Return to Remand and has apparently deemed it advisable not to prosecute this appeal further, it is our view that the appeal should be dismissed as moot and that an order should be entered accordingly.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional amendment no. 328); his opinion is hereby adopted as that of the Court.
APPEAL DISMISSED AS MOOT.
All the Judges concur.